### 56058. ALESI v. CONANT et al.

WEBB, Judge.

Sherrill Alesi, a defendant in a suit for fraud against the officers and directors of a corporation, filed a counterclaim alleging that the plaintiff Conant had slandered her. Some 17 months later she filed a pleading denominated as an "amendment to counterclaim" wherein she alleged damages arising from a battery which occurred after the complaint and slander counterclaim had been filed, and which bore no relationship to the communications which tended to injure her reputation or to the facts giving rise to the complaint.

1. Under these circumstances this "amendment to counterclaim" was not an amendment to the slander counterclaim, but the assertion of an entirely separate and distinct counterclaim. "When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment." CPA § 13 (f) (Code Ann. § 81A-113 (f)). However, no motion for such leave was made nor granted, and the trial court correctly dismissed the battery counterclaim upon motion of the plaintiff.

2. Conant's motion to dismiss this appeal is likewise valid. It is clear from the record that the slander counterclaim was properly and timely filed, and that the motion to dismiss in the trial court was addressed only to the second battery counterclaim. Therefore the trial court's order dismissing the battery counterclaim did not affect the slander counterclaim, which accordingly is still pending below. " '[N]o order or decision which adjudicates with respect to fewer than all the claims or all the parties is final or appealable. Code § 81A-154 (b). [Cits.] Since there is no appeal from a final, appealable judgment in the

record and no certificate for immediate review as provided for by Code Ann. § 6-701 (a, 2) this appeal must be dismissed under authority of the above cases.' [Cits.]" *Mulligan v. Scott,* 134 Ga. App. 815 (217 SE2d 307) (1975). See also *Spikes v. Carter Realty Co.,* 136 Ga. App. 648 (222 SE2d 154) (1975).

*Appeal dismissed. Quillian, P. J., and McMurray, J., concur.*

SUBMITTED JUNE 8, 1978 — DECIDED JUNE 27, 1978.

*Paul S. Weiner,* for appellant.
*Joseph H. King, Jr.,* for appellees.